## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## LONDON



**UNITED STATES OF AMERICA**

V.                                    INFORMATION NO. 6:25-CR-84-REW
                                      26 U.S.C. § 7202

**JOHN THOMAS QUINTRELL**

\*   \*   \*   \*   \*

**THE UNITED STATES ATTORNEY CHARGES:**

### BACKGROUND

At all times relevant to this Information:

1. Civil LLC was a limited liability company engaged in the coal mining business in Harlan County, Kentucky, and elsewhere.

2. **JOHN THOMAS QUINTRELL** was the manager, and sole member, of Civil LLC, Pocahontas Processing LLC, Resilient Mining LLC, Falcon LLC, and Kratos LLC.

3. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering the tax law of, and collecting taxes owed to, the United States.

4. Pursuant to the Internal Revenue Code and associated statutes and regulations, employers were required to withhold amounts from their employees' gross pay including Federal Insurance Contribution Act ("FICA") taxes, which represent Social Security and Medicare taxes, and federal income taxes. These taxes were collectively referred to as "trust fund taxes" because employers held the withheld amounts in trust until paid over to the United States. Employers were required to remit the withheld trust fund taxes to the IRS on a quarterly basis, and no later than the last day of the month following the end of the quarter.

5. In addition to the trust fund taxes, employers were separately required to make contributions under FICA for Social Security and Medicare in amounts matching the amounts withheld from their employees' pay for those purposes. The employer contributions were likewise required to be remitted to the IRS no later than the last day of the month following the end of the quarter.

6. Collectively, the trust fund taxes, and matching amounts required to be remitted quarterly were commonly referred to as "employment taxes". Employers were required to file, one month after the conclusion of the calendar quarter, an Employer's Quarterly Federal Tax Return, Form 941 ("Form 941"), setting forth the total amount of income taxes withheld, the total amount of Social Security and Medicare taxes due, and the total tax deposits.

7. A person was responsible for collecting, accounting for, and paying over the trust fund taxes if he had the authority required to exercise significant control over the

| Count | Date of Quarter Ending | Due Date of Form 941 | Trust Fund Taxes Due and Owing |
|---|---|---|---|
| 1 | December 31, 2019 | January 31, 2020 | $315,810.20 |
| 2 | December 31, 2020 | January 31, 2021 | $302,577.19 |
| 3 | December 31, 2021 | January 31, 2022 | $482,548.73 |
| 4 | December 31, 2022 | January 31, 2023 | $807,842.66 |
| 5 | December 31, 2023 | January 31, 2024 | $1,217,813.31 |
| 6 | December 31, 2024 | January 31, 2025 | $1,608,001.71 |

Each in violation of 26 U.S.C. § 7202.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

## **PENALTIES**

**COUNTS 1 - 6:**  Imprisonment of not more than 5 years, a fine of not more than $250,000, and supervised release for not more than 3 years.

**PLUS:**  Mandatory special assessment of $100 for each count.

**PLUS:**  Restitution.